IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WAYNE RAINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-1060-F |
| | ) |
| OKLAHOMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION
ON THE ISSUE OF TIMELINESS**

Mr. Michael Rains seeks habeas relief in connection with his state court conviction, and the Court should summarily dismiss the petition on grounds of timeliness.[1]

Background

In state court, Mr. Rains pled guilty to criminal charges on June 18, 2001. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (Sept. 21, 2007) ("Petition"). The Petitioner did not move to withdraw the guilty plea or file a petition for a writ of *certiorari*. *See id.* at p. 2.

Mr. Rains filed the habeas petition no earlier than September 10, 2007.[2] He alleges:

---

[1] Summary dismissal is necessary "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

[2] The petition is deemed "filed" when Mr. Rains had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Court may assume *arguendo* that the Petitioner did so on the date that he verified the petition. *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

- excessiveness of the sentence because he was only 18 years old at the time of the offenses, he was a first-time offender, and the victims were uninjured;

- illegality in the sentence because a conflict existed between the charges for first degree robbery and robbery with a firearm;

- invalidity of the plea because no one disclosed the need to serve at least 85% of the sentence for robbery with a firearm; and

- ineffective assistance of counsel based on the attorney's coercion, failure to disclose the need to serve 85% of the sentence, and inadequate plea negotiations.

Timeliness of the Present Action

On its face, the petition shows that the action is time-barred.

I.  Statute of Limitations

In federal habeas actions, the statute of limitations provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . . or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

That date was September 10, 2007.  *See* Petition at p. 14.

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A), (D) (2000) ("AEDPA").

II.   Mr. Rains' Failure to Timely File the Habeas Petition

Mr. Rains alleges that all of his claims were recently discovered. Petition at pp. 5, 7-8, 10. Thus, the threshold issue is whether the limitations period is governed by Subsection "A" or "D." Some claims are governed by Subsection "A" and others are governed by Subsection "D."

A.   Application of Subsection "A"

When Mr. Rains was sentenced, he would have been aware of the factual predicates for some of the claims. For example, when the Petitioner was sentenced, he knew or should have known about:

- his age at the time of the crimes and the absence of injury to the victims,
- his lack of a previous criminal history,
- the state's invocation of Okla. Stat. tit. 21 § 801 and the elements of this offense, and
- the facts involving the claims of coercion and inadequate plea negotiations.

Thus, for these claims, Subsection "A" applies and the limitations period begins when the conviction became final. *See supra* pp. 2-3. That date was June 28, 2001, which was the deadline for a motion to withdraw the plea.[3] Thus, under Subsection "A" the one-year period

---

[3]   *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence).

would have expired on June 28, 2002, in the absence of tolling. *See* AEDPA, 28 U.S.C. § 2244(d)(1)(A) (2000).

  B. <u>Application of Subsection "D"</u>

According to Mr. Rains, he learned "around June of 2003" that he had to serve at least 85% of the sentence. Letter from Michael Rains to Magistrate Judge Robert E. Bacharach at p. 2 (Oct. 9, 2007). The Court may assume *arguendo* that this discovery implicates Subsection "D" on the claims involving invalidity of the guilty plea and ineffective assistance of counsel. Thus, even with the application of Section "D," the limitations period for these claims would have expired by June 2004 in the absence of tolling.

  C. <u>Statutory and Equitable Tolling</u>

Under certain circumstances, federal law authorizes tolling of the limitations period. These circumstances are not present here.

The relevant statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." AEDPA, 28 U.S.C. § 2244(d)(2) (2000).

Mr. Rains waited until January 18, 2006, to seek post-conviction relief.[4]  *See* Letter from Michael Rains to Magistrate Judge Robert E. Bacharach, Exh. 4 at pp. 16-17 (Oct. 9, 2007).  By then, the limitations period for all of the claims would have expired in the absence of equitable tolling.  *See supra* pp. 3-4; *infra* p. 5.  Accordingly, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) by the filing of the post-conviction application.[5]

Equitable tolling is also unjustified.

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ."  *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).  Invoking this principle, Mr. Rains argues that he was ignorant about the law.  *See* Petition at p. 13.  But ignorance about the law would not insulate Mr. Rains from the limitations period.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling is not justified by the prisoner's ignorance of the law).

---

[4]  The Petitioner notes the submission of a motion for judicial review and presents evidence reflecting a filing date of May 14, 2002.  *See* Petition at p. 3; Letter from Michael Rains to Magistrate Judge Robert E. Bacharach, Exh. 3 at p. 1 (Oct. 9, 2007).  But this motion was not a post-conviction application and did not toll the limitations period.  *See Clemens v. Sutter*, 230 Fed. Appx. 832, 834 n.1 (10th Cir. May 2, 2007) (unpublished op.) ("motions to modify a sentence [in Oklahoma] do not constitute post-conviction proceedings that toll the limitations period" (citation omitted)); *Nicholson v. Higgins*, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005) (unpublished op.) (stating that denials of motions for judicial review of sentences in Oklahoma do not "constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period").

[5]  *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after [his limitations period had already expired].").

---

### D. Summary

Mr. Rains is not entitled to statutory or equitable tolling. As a result, the limitations periods expired for all of the claims by June 2004; and the filing of the habeas petition over three years later was untimely.

### Notice of the Right to Object

Mr. Rains may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is November 19, 2007. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 30th day of October, 2007.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge